United States District Court
Southern District of Texas
**ENTERED**
July 31, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CORNELIUS E. DEGEFFERD, <br> TDCJ 1692519, <br> Plaintiff, <br><br> *versus* <br><br> JOSEPH M. CURRY, *ET AL.*, <br> Defendants. | § § § § § § § § | CIVIL ACTION H-14-2107 |

# Opinion on Dismissal

Cornelius DeGefferd sues Joseph M. Curry, Natarajan Venkatayan, Ernestine Julye, Dr. Naik, Lisa Vatani, Laraine Mayfield, Fausto Avila, David Callender, Rick Thaler, Carey S. Staples, and David Rice for civil rights violations. DeGefferd raises claims on medical care. He filed his original complaint in another district. Some of the claims he raises concern medical treatment provided in the Houston division of the Southern District of Texas. Those claims were transferred to this Court.

1. *Claims*

DeGefferd states he had needed a wheelchair before he went to prison and while he was in prison. When he arrived at the Gurney Unit in 2011, Physician's Assistant Curry saw DeGefferd and told him he needed a wheelchair because his legs were numb and paralyzed. Curry, however, told DeGefferd that medical personnel first will see how well he does with crutches and then go from there.

DeGefferd filed a prison grievance against Curry raising improper medical treatment. He filed another grievance at a higher level and talked to other medical providers. Prison officials responded to his grievances. They told DeGefferd there was nothing to substantiate his complaint and the unit in which he was housed was not a wheelchair unit. In 2012, DeGefferd was diagnosed with diabetes and arthritis. DeGefferd maintains these conditions were the result of Curry's improper medical treatment, including the failure to provide him a wheelchair. DeGefferd says he did not have a wheelchair from 2011 to 2013.

DeGefferd states he suffers from back pains and he says doctors told him he has arthritis in both hands. He says these things affect his daily functions. DeGefferd maintains he suffers from these conditions because of Curry's improper medical treatment. DeGefferd claims deliberate indifference in Curry not allowing him to see a specialist at the John Sealy Hospital. He states he needed a wheelchair and the medical staff denied him a wheelchair for over a year. DeGefferd claims medical personnel provided him improper remedies, which affected his mobility. He argues the medical staff knew the medical treatment they were giving him was improper. DeGefferd also maintains medical personnel knew that giving him a walker and crutches was not medically appropriate.

2. *Medical Care*

The standard in medical care claims is "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Negligence and gross negligence are insufficient for constitutional liability. *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 645 (5th Cir. 1996). The Eighth Amendment prohibits "obduracy and wantonness, not inadvertence or error in good faith." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The Fifth Circuit has stated that the deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

DeGefferd's papers show that prison medical personnel and others saw him and treated him for his medical conditions. He essentially complains he should have received more and different treatment in the days following his original medical visit. That prison medical personnel provided some medical care shows the absence of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

DeGefferd's disagreement with the specific medical treatment he received and the amount of his treatment does not show deliberate indifference. *Id.* Even if standard medical care in DeGefferd's situation calls for different or more treatment, that alone does not show deliberate indifference. Medical malpractice does not raise a constitutional violation. *Hare v. City of Corinth, MS*, 74 F.3d 633 (5th Cir. 1996). Furthermore, evidence of sick calls, examinations, diagnoses, and medication negates deliberate indifference. *Bass v. Sullivan*, 550 F.2d 229 (5th Cir. 1977). DeGefferd was examined and provided treatment. His pleadings do not show that the Defendants or any medical personnel were aware of and

2

ignored an excessive risk to his health by failing to treat him further or provide other medical care in the days following his medical visit .

DeGefferd's claims and allegations do not show that prison medical personnel were deliberately indifferent to his medical conditions. A plaintiff must show that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly show a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756. DeGefferd has not alleged this kind of behavior by prison health care workers. Under his claims, he was seen by medical personnel and received some treatment. DeGefferd's allegations show that the defendants and other medical personnel saw him and provided medical treatment. His claims and allegations do not raise deliberate indifference

3. *Conclusion*

DeGefferd has not shown deliberate indifference to serious medical needs. He fails to state a claim recognized at law. This case is dismissed under 28 U.S.C. § 1915 for failure to state a claim on which relief may be granted.

Signed July 31, 2017, at Houston, Texas.

Lynn N. Hughes
United States District Judge